NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1390

LAWLER MANUFACTURING CO., INC.,

Plaintiff-Appellant,

v.

BRADLEY CORPORATION,

Defendant-Appellee,

and

KEVIN B. KLINE,

Defendant.

Wayne C. Turner, Bingham McHale LLP, of Indianapolis, Indiana, argued for plaintiff-appellant.  With him on the brief was Shannon D. Landreth.  Of counsel on the brief was Daniel J. Lueders, Woodard, Emhardt, Moriarty, McNett & Henry, LLP, of Indianapolis, Indiana.

Barry L. Grossman, Foley & Lardner LLP, of Milwaukee, Wisconsin, argued for defendant-appellee.  With him on the brief was George E. Quillin, of Washington, DC.

Appealed from:  United States District Court for the Southern District of Indiana

Senior Judge Larry J. McKinney

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1390

LAWLER MANUFACTURING CO., INC.,

Plaintiff-Appellant,

v.

BRADLEY CORPORATION,

Defendant-Appellee,

and

KEVIN B. KLINE,

Defendant.

Appeal from the United States District Court for the Southern District of Indiana in case no. 1:98-CV-1660, Senior Judge Larry J. McKinney.

_____

DECIDED: January 27, 2010

_____

Before LOURIE, SCHALL, and BRYSON, Circuit Judges.

Opinion for the court filed by Circuit Judge SCHALL. Dissenting opinion filed by Circuit Judge BRYSON.

SCHALL, Circuit Judge.

DECISION

Lawler Manufacturing Co., Inc. ("Lawler") appeals the order of the United States

District Court for the Southern District of Indiana in Lawler Mfg. Co., Inc. v. Bradley

<u>Corp.</u>, No. 1:98-CV-1660-LJM-JMS (S.D. Ind. April 29, 2009) ("<u>Order</u>"). In the <u>Order</u>, the district court denied Lawler's motion for an order terminating the license agreement between Lawler and Bradley Corporation ("Bradley"). We <u>affirm</u>.

DISCUSSION

I.

Lawler sued Bradley in the Southern District of Indiana for patent infringement and misappropriation of trade secrets. Eventually, the parties settled the suit. As part of the settlement, Lawler and Bradley entered into a license agreement. The license agreement granted Bradley the right to manufacture and sell valves covered by Lawler's patents in exchange for royalty payments. Several provisions of the license agreement are pertinent to the present dispute.

Under Section 2.4 of the agreement, Bradley was required to mark licensed products with the patent numbers of applicable Lawler patents. Section 5.3 of the agreement gave Lawler the right to appoint an independent certified public accounting firm to investigate and analyze Bradley's records and those of its affiliates to determine whether Bradley was accurately and correctly reporting the amount of royalties due under the agreement. Section 5.3 also provided that if the accounting firm's investigation revealed an underpayment in excess of $ 5,000, Bradley would be liable for the costs of the investigation. Section 5.4 of the agreement provided that if the accounting firm's investigation found an underpayment of royalties by Bradley and/or an affiliate, Bradley was required, within thirty days, to pay Lawler the additional royalties found to be due, plus interest. Finally, Section 8.1 of the agreement provided for termination of the agreement upon a party's default. It read as follows:

Any one or more of the following events shall constitute an event of default under this License Agreement: (i) the failure of Bradley or an Affiliate to pay any Royalties when due hereunder and the expiration of fifteen (15) days after receipt of a written notice from Lawler requesting the payment of such Royalties; and (ii) the failure of a party to perform any other obligation required to be performed hereunder, and the failure to cure within sixty (60) days after receipt of notice from the other party specifying in sufficient detail the nature of such default. Upon the occurrence of any event of default, the non-defaulting party may deliver to the defaulting party written notice of intent to terminate, such termination to be effective thirty (30) days after the date set forth in such notice.

A203.

## II.

On December 22, 2003, Lawler sent Bradley a letter stating that, based upon the investigation report of the accounting firm KPMG, Lawler had concluded that Bradley had underpaid royalties for the years 2001 and 2002. Bradley wrote: "Under Section 5.4 of the License Agreement, Lawler demands that Bradley pay within thirty (30) days additional royalties of $ 22,018.41 plus interest in the amount of $ 5,911.87 for a total of $ 27,930.28." In addition, citing section 5.3 of the agreement, Lawler wrote that Bradley was required to reimburse it for the costs of KPMG's investigation. Lawler's letter further stated that the KPMG investigation had revealed that "Bradley continues not to mark its valves with all pertinent Lawler patent numbers." The letter referred to this alleged conduct of Bradley as "a serious breach of the License Agreement." The letter concluded with the following sentence: "All of these matters need to be addressed and resolved or Lawler will have no choice but to resort to the default and termination provisions of the License Agreement."

By letter of counsel dated January 15, 2004, Bradley responded that it had not underpaid royalties, and it requested further information from Lawler concerning its

2009-1390                                        3

claim that Bradley had failed to mark its products with the numbers of Lawler's patents. This letter was followed by further correspondence between Lawler and Bradley, culminating in an exchange of letters in the latter part of June 2004. On June 21, 2004, Lawler sent Bradley the following two-sentence letter: "Enclosed is the detail you requested supporting KPMG's bill. Lawler's demand made in its December 22, 2003 letter stands." Bradley responded on June 29, 2004. Bradley's letter stated that, as it had explained it its previous letters, it had not underpaid royalties and was not required to reimburse Lawler for the costs of the KPMG audit for calendar years 2001 and 2002. On September 9, 2004, Lawler sent Bradley a letter stating that Bradley's August 16, 2004 refusal to allow Lawler's auditor to review royalties payable for 2003 constituted "an event of default under the License Agreement."

On August 26, 2005, Lawler sent Bradley a letter stating that, on July 22, 2005, Lawler had provided Bradley with specific marking instructions and that subsequently, on August 17, 2005, Bradley had informed Lawler that it would not comply with those instructions. Lawler concluded its letter with the following statement: "Please be advised that Bradley's refusal to mark . . . , despite Lawler's specific instructions, constitutes an event of default pursuant to Section 2.4 of the . . . License Agreement."

Four months later, on December 20, 2005, Lawler sent Bradley a letter with the following caption:

> **Re:    Bradley's Continued Failure To Follow Lawler's Patent Marking Instructions; Termination of License Agreement**

In the December 20 letter, Lawler recited what it characterized as Bradley's election "not to engage in the required patent marking or to correct its prior patent marking

deficiencies in a manner that complies with the License Agreement." After doing so, Lawler informed Bradley that is was terminating the license agreement:

> Given Bradley's continued default under the License Agreement, Lawler hereby notifies Bradley that, pursuant to Paragraph 8.1 of the License Agreement, the License Agreement is hereby terminated by Lawler. This termination will be effective thirty days from the date of this letter, on January 19, 2006. Pursuant to Paragraph 8.2, this termination will not relieve Bradley of its responsibility for breaches of the royalty payment and other provisions of the License Agreement.

A208-09.

## III.

On July 15, 2008, Lawler moved in the district court for an order enforcing termination of the license agreement and determining royalties and damages owed to Lawler by Bradley. This motion came on the heels of the decision by this court that reversed and remanded the June 22, 2007 order of the district court denying Lawler's earlier February 8, 2006 motion to terminate the agreement. See Lawler Mfg. Co., Inc. v. Bradley Corp., 280 Fed. Appx. 951, 956 (Fed. Cir. 2008) (noting there was "insufficient evidence before this court to determine whether Lawler properly notified Bradley of its failure to pay any royalties or of its intent to terminate the license agreement.").

As noted above, the district court denied Lawler's motion on April 29, 2009. Order. In so doing, the court rejected Lawler's contention that it had properly notified Bradley on December 20, 2005, that it was terminating the license agreement for underpayment of royalties and that the license agreement expired pursuant to its terms thirty days later on January 19, 2006. Relevant to our disposition of the case, the court determined that Lawler's December 20 letter to Bradley did not inform Bradley that

Lawler was terminating the agreement for underpayment of royalties. Order at 5-6. The court thus concluded that Lawler had failed to comply with Section 8.1 of the license agreement. Lawler has timely appealed the Order. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1)

IV.

The answer to this case lies in the sequence of events set forth above. Thereafter, on December 22, 2003, Lawler wrote Bradley presenting a demand under Section 5.4 of the license agreement for the payment of royalties. Significantly, in the last paragraph of the letter, referring to the royalties issue and Bradley's alleged failure to patent mark, Lawler stated: "All of these matters need to be addressed and resolved or Lawler will have no choice but to resort to the default and termination provisions of the License Agreement." We read this statement as Lawler telling Bradley that it was not then terminating the license agreement but that if the matters noted in the letter were not resolved, Bradley would proceed to terminate the agreement under Section 8.1.

Thereafter, following Lawler's December 22, 2003 letter, there ensued correspondence between Lawler and Bradley concerning royalties. This correspondence continued through June of 2004. On June 21, 2004, Lawler reiterated the demand made in its December 22, 2003 letter. On June 29, 2004, Bradley responded that it had not underpaid royalties. We do not read any of the communications from Lawler during this period or thereafter during 2004 as signaling to Bradley that it was "resort[ing] to the default and termination provisions of the License Agreement."

The next pertinent correspondence in the record before us is Lawler's letter to Bradley dated August 26, 2005. In that letter, Lawler complained to Bradley about what Lawler described as Bradley's refusal to comply with Lawler's patent marking instructions. Subsequently, on December 20, 2005, Lawler gave Bradley notice that, pursuant to Section 8.1 of the license agreement, it was terminating the agreement for failure to follow Lawler's marking instructions. (This ground for termination was rejected by the district court in its June 22, 2007 order, and Bradley did not appeal that ruling.) The letter made no mention of termination for underpayment of royalties.

We see no error in the decision of the district court. In our view, the critical point is that in its letter of December 22, 2003, Lawler expressly stated that if the matters discussed in the letter—one of which was the alleged underpayment of royalties—were not resolved, Lawler would exercise its default and termination rights under the license agreement. Lawler thus informed Bradley that if, in the future, circumstances warranted, it would proceed under the notice and termination provisions of Section 8.1 of the agreement. As seen, however, Lawler never pursued that course with respect to the underpayment of royalties. It only did so with respect to patent marking.

Lawler argues that its December 20, 2005 letter did give notice that it was terminating the license agreement for underpayment of royalties. It also argues that, in any event, in its February 8, 2006 motion for an order enforcing termination of the agreement it gave the required notice and that the agreement was therefore terminated under Section 8.1.

We do not agree with either of Lawler's arguments. It is true that in its December 20 letter Lawler stated that its termination action "[did] not relieve Bradley of its

responsibility for breaches of the License Agreement." However, this statement, to which Lawler points, was in our view a reservation of rights rather than a notice of termination. Moreover, we think the statement underlined the fact that Lawler was only terminating the agreement based upon Bradley's alleged failure to mark.

Neither do we think Lawler fares any better with its argument based upon its February 8 motion. It is true that the brief submitted in support of the motion referenced, among other things, Bradley's alleged underpayment of royalties. The fact remains, however, that the February 8, 2006 motion arose from Lawler's December 20, 2005 letter, which was limited to patent marking. We are not prepared to hold that, having stated in December of 2003 that it would proceed under the default and termination provisions of the license agreement if certain matters were not resolved, and then having done so solely with respect to patent marking in December of 2005, Lawler then could piggyback a notice of default termination for underpayment of royalties onto its February 2006 motion.

For the forgoing reasons, the Order is affirmed.

Each party shall bear its own costs.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1390

LAWLER MANUFACTURING CO., INC.,

Plaintiff-Appellant,

v.

BRADLEY CORPORATION,

Defendant-Appellee,

and

KEVIN B. KLINE,

Defendant.

Appeal from the United States District Court for the Southern District of Indiana
in case no. 1:98-CV-1660, Senior Judge Larry J. McKinney.

BRYSON, Circuit Judge, dissenting.

Section 8.1 of the License Agreement at issue in this case defines an event of default to include Bradley's failure to pay royalties when due, followed by a written notice from Lawler requesting payment of the royalties.  That section of the Agreement further provides that upon the occurrence of any event of default, "the non-defaulting party may deliver to the defaulting party written notice of intent to terminate, such termination to be effective thirty (30) days after the date set forth in such notice."

Although Lawler's efforts to give notice of default and notice of termination were inelegant, they were sufficient to satisfy the requirements of the agreement.  The

December 22, 2003, letter from Lawler advised Bradley that it had underpaid royalties (an assertion that was subsequently determined to be true). Because the License Agreement merely required written notice requesting payment of royalties in order to provide notice of default, that letter was sufficient. And even if it was not, the subsequent letter sent by Lawler on June 21, 2004, which stated that Lawler continued to press the demand made in its December 2003 letter, was surely sufficient notice of default.

As for the required notice of termination, the December 20, 2005, letter advised Bradley of Lawler's intent to terminate the agreement, which is all that section 8.1 of the agreement required. The district court, and now this court, have found the December 20, 2005, letter insufficient because it failed to identify, with sufficient specificity, the shortfall in royalty payments as the cause of the claimed default. But the License Agreement does not require the termination letter to specify the cause of the default as long as a sufficient notice of default has previously been sent.

Even if specificity were required, the December 20, 2005, letter referred to Bradley's "continued default under the License Agreement" and alluded to Bradley's "breaches of the royalty payment and other provisions of the License Agreement." And even if that constituted insufficient notice of termination, the February 8, 2006, pleading filed by Lawler, which contained a lengthy section complaining of the underpayment of royalties, satisfied any requisite specificity as to the reason for termination.

For the foregoing reasons, I would rule that Lawler's notice of default and notice of termination were sufficient to satisfy the requirements of the License Agreement and would reverse the contrary decision of the district court. I therefore respectfully dissent.